

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 15, 1977

Honorable Chet Brooks
Chairman, Senate Human Resources
  Committee
Senate Chamber
Austin, Texas 78711

Opinion No. H-1041

Re:  Employment of the
handicapped by state
agencies.

Dear Senator Brooks:

You have requested our opinion concerning the employment
of handicapped persons by state agencies and the payment of
travel expenses incurred by such employees.  Your first ques-
tion originally involved the propriety of a job description
for a particular position; however, the job description was
modified after you submitted your request.  In light of that
modification the remaining portion of your first inquiry in-
volves the general question of restrictions upon employment
of handicapped persons.

Article 4419e(1), V.T.C.S., provides:

> Section 1.  The policy of the State of
> Texas is to encourage and enable persons
> who are blind or otherwise physically
> handicapped to achieve maximum personal
> independence, to become gainfully em-
> ployed, and to otherwise fully enjoy and
> use all public facilities available with-
> in the state.

In addition, article 4419e(3), V.T.C.S., provides:

> (f)  An employer who conducts business in
> this state may not discriminate in his em-
> ployment practices against a handicapped
> person solely on the basis of his handi-
> cap if the person's ability to perform the
> task required by a job is not impaired by
> the handicap and the person is otherwise
> qualified for the job.

See also V.T.C.S. arts. 664-5(1)(a), 664-6(1)(a), 678g; 29
U.S.C. § 793(a).

Thus as a matter of statutorily expressed public policy, state agencies may not refuse to employ a qualified handicapped person "on the basis of his handicap."

Your second question involves payment to handicapped employees for travel expenses.  You first ask whether a handicapped employee may be reimbursed for both the use of a personally owned vehicle and the expense of retaining a driver for the vehicle so long as the amount does not exceed the cost of the use of public conveyances for an equivalent amount of travel.  Section 8 of article 6823a, V.T.C.S., provides:

> An employee whose duties customarily require travel within his designated headquarters may be authorized a local transportation allowance for his travel.  Such allowance, however, may not exceed the transportation allowance for use of a privately owned automobile as set by the Legislature in the General Appropriations Acts, except that an employee with a physical handicap which precludes his personal operation of a privately owned automobile may, without regard to the standard otherwise set in the General Appropriations Acts, be authorized a reasonable transportation allowance not to exceed the amount to which such handicapped employee would be entitled for similar travel occurring outside of his designated headquarters.

Section 6(a) of this article provides for rules and regulations to be promulgated by the Comptroller.  These regulations are contained in the State Employee Travel Allowance Guide which provides at page 10:

> Employees traveling under provisions of S.B. 881, 64th Leg., [art. 6823a, § 8, as amended] will be allowed the actual cost of transportation via bus, taxi or the mileage allowance of sixteen (16) cents per mile for an automobile driven by a volunteer driver.

It is therefore clear that the reimbursement to a handicapped employee who utilizes a private automobile is limited to six-

Honorable Chet Brooks       - Page 3   (H-1041)


teen cents per mile.  We have discovered no authority for re-
imbursement on the basis of the cost of public conveyance where
no public conveyance is in fact utilized.

    You also ask whether a state agency may establish a spec-
ial system for reimbursing the transportation expenses of han-
dicapped employees who are unable to drive a personally owned
vehicle in the performance of their duties.  Since article
6823a provides for reimbursement for travel expenses under
regulations of the Comptroller, individual state agencies do
not have authority to establish a special system of reimburse-
ment which conflicts with rules and regulations of the Comp-
troller.

    Your final question is whether such a special system would
constitute "affirmative action to employ and advance in em-
ployment qualified handicapped individuals" under 29 U.S.C. §
793(a).  While as we noted above individual agencies lack autho-
rity to develop "special systems" in this context, the regu-
lations of the Comptroller constitute a form of a special
system.  In our view those regulations as well as section 8
of article 6823a may constitute such "affirmative action."
See 29 U.S.C. 791b, 20 C.F.R. 741.4 (1976).

                    S U M M A R Y

        State agencies may not refuse to employ
        a qualified handicapped person on the
        basis of his handicap.  A handicapped
        employee who utilizes a private automo-
        bile and driver on state business is
        limited to sixteen cents per mile reim-
        bursement.  State agencies do not presently
        have authority to develop a special system
        of reimbursement for travel by handicapped
        employees; under current law the system
        is provided by the Comptroller under article
        6823a and the General Appropriations Acts.

                        Very truly yours,

                        JOHN L. HILL
                        Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst